Taylor, Chief-Justuice.
 

 This case depends upon the act of 1794, c. 414,
 
 sec.
 
 17, the words of which are, “ that in all cases where appeals shall be granted from the judgment of a Justice, the acknowledgment of the security, and subscribed with his or her proper handwriting;. attested by the Justice, shall be sufficient to bind the security to abide by and perform the judgment of the Court.” The literal meaning of the word atlest,
 
 (tes-tar ad,')
 
 is to witness, and in that sense it would be sufficient for the Justice to be present when the security signed. But that is not the sense in which it is used, generally, by the legislature, nor, indeed, by law writers; but to contradistinguish a witness, whose name must.be signed, from one who may simply be called upon to prove the transaction, without having signed the evidence; of this a strong instance is furnished by two of the acts concerning wills, in one they speak of “ subscribing witnesses,”- — (1
 
 Rev. Code,
 
 47 f, sec. 11,) and in a subsequent reference to that expression, they speak of it as meaning “attesting witnesses,” — (1
 
 Rev.
 
 Code, 511,
 
 sec.
 
 5,) plainly denoting that they used them as convertible terms. The witnesses to a will are called attesting witnesses, because they must put their names to it, and it is the way in which the books, generally, express such witnesses, as must sign any instrument.
 

 
 *534
 
 The act designed to make the mode, by which the se=? curity was bound, an officNi, authentic act, which might be proved by an inspection of the Justice’s signature, W0uld probably be known by some one on the bench, when judgment was moved for; and thus, to guard against the risk of charging persons who had not, in fact, signed as security. As a judgment may be entered upon motion, without any notice to the security, it was a necessary provision, that the fact of Ms being so, should be verified beyond a doubt, and fraud and perjury prevented as effectually as possible. A man who becomes security for an appeal, is not to be presumed to render himself liable upon any other terms, than those the law has prescribed, viz : that the magistrate shall attest his
 
 signature;
 
 for the next step would be to charge a man who had not signed his name, upon the magistrate’s proving that he had become security. The law must receive such a construction, as will impose upon the Justice a strict execution of the power entrusted to Mm, before a man can be rendered responsible, as a security, in a summary way. Where a power was created to be executed by trustees, with the consent of the
 
 cestui que
 
 trusts, certified by writing under hands and seals, attested by two or more credible witnesses, but the attestation expressed, only, that the deed had been sealed and delivered by the
 
 cestui que trusts,
 
 and the other parties, in presence of the subscribing witnesses, it was held that the power had not been duly executed. — (4
 
 Taunt. 214.)
 
 And taking it in this case, that to “attest,” means to sign the paper, as well as to witness, the Justice has not well executed the power, and the Defendant is not liable.
 

 An opinion on this point, renders unnecessary the consideration of another question presented by the record. The Defendant W'as security on the appeal to the County Comí, where the appellant prevailed, and then the original Plaintiff appealed to the Superior Court,
 
 *535
 
 and prevailed. Is tlic first security, (supposing the law to have been complied with,) liable ? On this I give no opinion.
 

 II.41.& and [r¡;\iv;-.RS0N', Judges, concurred.